# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL PRUKALA,**               :

    **Plaintiff,**               :

                     **Civil Action No. 3:16-CV-0894**

      **v.**               :

**TD BANK USA, et al.,**               :               **(JUDGE MANNION)**

                    :

    **Defendants.**

## <u>MEMORANDUM</u>

Before the court is defendant TD Bank USA's motion to dismiss, (Doc. 16), plaintiff Michael Prukala's putative class action amended complaint seeking dismissal of all plaintiff's state law claims since they are preempted by the Fair Credit Reporting Act ("FCRA"). In his amended complaint, (Doc. 10), plaintiff raises Pennsylvania statutory law claims under the Fair Credit Extension Uniformity Act and the Unfair Trade Practices and Consumer Protection Law as well as state common law claims of defamation, negligence and invasion of privacy. Plaintiff's claims relate to TD Bank's alleged placement of inaccurate information about a delinquent credit card account on his Consumer Credit Report, failing to remove the information and making defamatory statements to credit reporting agencies. After a review of the briefs, the court will **GRANT** the defendant's motion to dismiss since all of plaintiff's claims are preempted by §1681t(b)(1)(F) of the FCRA.

# I.  PROCEDURAL BACKGROUND

On April 5, 2016, plaintiff filed this proposed class action in the Court of Common Pleas of Lackawanna County, PA. Named as defendants were TD Bank[1], John Does 1-10 and Corporations X, Y, Z. Plaintiff raised claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*., as well as state law claims for defamation, negligence and invasion of privacy. (Doc. 1-1). On May 17, 2016, TD Bank removed this case to federal court. (Doc. 1).

On June 8, 2016, TD Bank filed a motion to dismiss plaintiff's original complaint under Fed.R.Civ.P. 12(b)(6), (Doc. 6), and a brief in support, (Doc. 7). In response, plaintiff filed his amended complaint on June 22, 2016 naming the same defendants in his original pleading. (Doc. 10). In light of the Amended Complaint, the court dismissed without prejudice TD Bank's original motion to dismiss. (Doc. 11).

On July 22, 2016, TD Bank filed a motion to dismiss plaintiff's amended complaint under Rule 12(b)(6), (Doc. 16), and a brief in support, (Doc. 17). Plaintiff filed his brief in opposition, (Doc. 18), on August 5, 2016. TD Bank filed its reply brief on August 19, 2016. (Doc. 19).

---

[1]TD Bank is properly known as TD Bank USA, N.A. (Doc. 4).

2

## II.    FACTUAL BACKGROUND[2]

In Count I of his amended complaint, plaintiff asserts state statutory claims under the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. §2270.1, *et seq*., and under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et seq*.[3] Plaintiff also raises state common law claims of defamation, Count II, negligence, Count III, and invasion of privacy, Count IV. Plaintiff did not include his federal claim under the FDCPA in his amended complaint.

Plaintiff alleges by placing information on his Consumer Credit Report ("CCR"), TD Bank acted to collect on a debt against him, and that the debt was a consumer debt as defined by the FDCPA, 15 U.S.C. §1692a, since it was for his personal, household or family purposes. Plaintiff alleges that as a part of TD Bank's collection actions, it reported that he had a delinquent consumer account on his CCR and placed derogatory information on his report. Plaintiff states that the information was updated by TD Bank to the

---

[2]The facts alleged in plaintiff's amended complaint must be accepted as true in considering TD Bank's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

[3]"The UTPCPL provides a private right of action for FCEUA violations." Goins v. MetLife Home Loans, 2014 WL 5431154, *7 (E.D.Pa. Oct. 24, 2014) (citing 73 Pa.Stat.Ann. §2270.5(a)). Thus, "an FCEUA violation constitutes a UTPCPL violation, *per se*." Id.

Credit Reporting Agencies ("CRAs") on a regular basis and was reflected on his CCR. Plaintiff then alleges that he sent TD Bank letters disputing the high balance of the account and requesting a copy of the original contract. (*See* Doc. 1-1).

In his May 11, 2015 letter, plaintiff disputed a credit card debt in the amount of $2,475 with TD Bank/Target Credit and advised TD Bank not to report the debt to credit reporting agencies. If the debt was already reported to CRAs, he asked TD Bank to notify the agencies and inform them that the debt was disputed. Plaintiff further asked TD Bank to verify the debt as required by the FDPCA. Nonetheless, plaintiff alleges that TD Bank continued, up until the time he filed this action, to report inaccurate and defamatory information about the debt to the CRAs in violation of the FCRA and failed to communicate to the CRAs that the account was disputed despite knowing that it was.

Plaintiff alleges that the inaccurate information TD Bank reported to the CRAs negatively reflects upon his credit repayment history, his financial responsibility and his credit worthiness. (Doc. 10, ¶'s 11-18).

As relief, plaintiff requests statutory and compensatory damages, punitive damages, an incentive fee and attorneys' fees as well as prospective injunctive relief prohibiting TD Bank from performing the alleged illegal acts in the future.

4

As stated, plaintiff brings this case as a proposed class action under 231 Pa. Code 1700, *et seq.*, on behalf of himself and on behalf of and all others similarly situated.[4]

Plaintiff did not raise any federal claims in his amended complaint. Rather, he asserted only the state law claims mentioned above. In fact, plaintiff alleges in his amended complaint, (Doc. 10, ¶46), "since Defendant is not defined as a 'debt collector,' but is the actual creditor, neither the Fair Credit Reporting Act, 15 U.S.C. §1681 ("FCRA"), nor the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (FDCPA) applies in any way to this case."[5]

## II.   STANDARD OF REVIEW

TD Bank's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). "A contention that a state law claim is preempted by

---

[4]Since this case has been removed to federal court, Fed.R.Civ.P. 23 applies to a class action and not Pennsylvania law. *See* Smith v. Bayer Corp., 564 U.S. 299, 304 n. 2, 131, S.Ct. 2368 (2011) ("federal procedural rules govern a case that has been removed to federal court.") (citing Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431 (2010).

[5]It appears to be undisputed that defendant TD is not a debt collector, and thus, the FDCPA does not apply to it. *See* 15 U.S.C. §1692d of the FDCPA which provides, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692f of the FDCPA provides "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

federal law is properly attacked under the Rule 12(b)(6) standard." Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 497 (E.D. Pa. 2014) (citations omitted). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

6

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.   DISCUSSION

Initially, even though plaintiff did not include his federal claims in his amended complaint after this case was properly removed from state court, this court still has jurisdiction over this case. *See* Seawright v. Greenberg, 233 Fed.Appx. 145 148 (3d Cir. 2007) ("[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction") (citing Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979)). Thus, contrary to plaintiff's request, remand to state court is not appropriate even if only his FCEUA claim is dismissed.

TD Bank contends that the FRCA preempts all of plaintiff's state law claims brought against it. TD Bank argues that the FCRA, under 15 U.S.C. §1681t(b)(1)(F), preempts both plaintiff's state statutory and state common law claims raised in his amended complaint because it was the actual creditor in this case and it is a furnisher of information to credit reporting agencies. This preemptory provision in the FCRA, §1681t(b)(1)(F), provides in pertinent part that:

> [n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies....

In Grossman, 992 F. Supp. 2d at 500, the court held that "the blanket approach to [FCRA] §1681t(b)(1)(F), the preemption provision relating to [defendant mortgage company], is proper and all state statutory and common law claims against [defendant] are preempted [since it is a furnisher of information to credit reporting agencies]").

In Grossman, 992 F.Supp.2d at 498-99, the court acknowledged that the Third Circuit "has never directly held that §1681t(b)(1)(F) preempts both statutory and common law claims", but pointed out that the Third Circuit "has cited with approval to other Circuit opinions that adopt [such an] approach to other sections of §1681t(b)." (citing Roth v. Norfalco LLC, 651 F.3d 367 (3d Cir. 2011). The *Grossman* Court then held that "§1681t(b)(1)(F) of the FCRA preempts *all* state [statutory and common] law claims with respect to all subject matter regulated under §1681s–2 asserted against furnishers of information to credit reporting agencies." Id. at 500. Indeed, several other district courts sitting in the Third Circuit have found that §1681t(b)(1)(F) preempts both statutory and common law claims raised against furnishers of information to credit reporting agencies. *See e.g.,* Vullings v. Trans Union, LLC, 115 F.Supp.3d 538 (E.D.Pa. 2015) (Court held that §1681t(b)(1)(F) of the FCRA preempts the state statutory claims as well as the state common-law claim.); Burrell v. DFS Servs., LLC, 753 F.Supp.2d 438, 448–51 (D.N.J. 2010) (court held that §1681t(b)(1)(F) preempts both state statutory

and common law claims); Goins v. MetLife Home Loans, 2014 WL 5431154 (E.D.Pa. Oct. 24, 2014) (court "agree[d] with the decisions of *Grossman* and *Burrell* and [held] that §1681t(b)(1)(F) of the FCRA preempts plaintiff's [PA] state statutory FCEUA [and UTPCPL] claim[s]" and dismissed both claims with prejudice).

The court finds the *Grossman, Vullings, Burrell* and *Goins* cases to be persuasive and agrees with them that "§1681t(b)(1)(F) of the FCRA preempts *all* state [statutory and common] law claims [] asserted against furnishers of information to credit reporting agencies." Plaintiff concedes that case law may favor preemption of his state statutory claims, but he contends that his common law claims are not expressly preempted by the FCRA. Nonetheless, the court agrees with the cases which have found that §1681t(b)(1)(F) of the FCRA preempts both state statutory and common law claims raised against furnishers of information to credit reporting agencies. The court is aware and has reviewed holdings to the contrary, including, Manno v. Am. Gen. Fin. Co., 439 F.Supp.2d 418, 424, 430 (E.D.Pa. 2006) (finding §1681t(b)(1)(F) preempts only state statutory claims and not common law claims), and Sassaman v Nationstar Mortgage, 2014 WL 6473798, *2 (M.D.Pa. Nov. 19, 2014)(court held that "[t]his court has interpreted the language of section 1681t to preempt state statutory claims, but not state common law claims.") (citing Sites v. Nationstar Mortgage LLC, 646 F.Supp. 2d 699, 712 (M.D.Pa.

10

2009)("the Court adopts the statutory approach to reconciling §1681t(b)(1)(F) and §1681h(e) whereby the former section preempts only state statutory claims, while the latter section preempts only the state common-law claims enumerated therein.")). However, the court finds that several cases, including from the Seventh Circuit and Second Circuit, decided more recently than *Manno* and after *Sites*, which are cited herein, are persuasive.

Very recently the court in Cicala v. Trans Union, LLC, 2016 WL 2622377, *3-*4 (E.D.Pa. May 9, 2016), addressed the issue of whether state statutory claims as well as state common law claims are preempted by §1681t(b)(1)(F) of the FCRA and distinguished *Manno*. The court in *Cicala* also discussed whether §1681h(e) of the FCRA governs the issue of common law preemption as the courts in *Sites* and *Sassaman* found. In Cicala, 2016 WL 2622377, *4, the court stated:

> The Third Circuit Court of Appeals has yet to analyze the relationship between Sections 1681t(b)(1)(F) and 1681h(e) as they relate to preemption. Courts within and outside this Circuit, however, have held that Section 1681t(b)(1)(F) preempts both statutory and common law claims. The most notable of these decisions is the Seventh Circuit Court of Appeals's holding in Purcell v. Bank of Am., 659 F.3d 622 (7th Cir. 2011). Purcell noted that in 1996 when Congress created "[t]he extra federal remedy in §1681s–2," it was "accompanied by extra preemption in §1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges." Purcell, 659 F.3d at 625. Section 1681h(e), on the other hand, was enacted in 1970. See id. In holding that plaintiff's defamation

11

claim was preempted, *Purcell* reasoned that "[r]eading the earlier statute, §1681h(e), to defeat the later-enacted system in §1681s–2 and §1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation." Id.

The court in Cicala, 2016 WL 2622377, *4, also stated that the Seventh Circuit in *Purcell* found that the two preemption provisions were compatible explaining that "the first-enacted statute [§1681h(e)] preempts some state regulation of reports to credit agencies, and the second-enacted statute [§1681t(b)(1)(F)] preempts more."

The court in Cicala, 2016 WL 2622377, *4 n. 5, also distinguished *Manno* and noted:

> *Manno*, decided five years before *Purcell*, specifically observed that at the time, "no circuit court opinion [had] address[ed] this question." Manno, 439 F. Supp. 2d at 425 n.9 (citing Beyer v. Firstar Bank N.A., 447 F.3d 1106, 1108 (8th Cir. 2006) (noting that district courts have taken different approaches and declining to reach the question)). Since *Manno*, however, a number of Circuit Courts have addressed the issue and found that Section 1681t(b)(1)(F) preempts common law claims. *See, e.g.*, Marshall v. Swift River Academy, LLC, 327 Fed.Appx. 13, 15 (9th Cir. 2009); Pinson v. Equifax Credit Information Services, Inc., 316 Fed.Appx. 744, 751 (10th Cir. 2009); Purcell, 659 F.3d at 625; Macpherson, 665 F.3d at 48.

In Cicala, 2016 WL 2622377, *4, the court then found that "Section 1681t(b)(1)(F) preempts the [plaintiffs'] defamation claims." (citing *Vullings, supra; Grossman, supra*; Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 48 (2d Cir. 2011) (finding defamation and intentional infliction of

12

emotional distress claims preempted)).

The court finds that TD Bank is a furnisher of information to credit reporting agencies and, as detailed above, all of the plaintiff's state law claims relate to TD Bank's actions in furnishing information to consumer reporting agencies. As such, the court holds that plaintiff's state statutory claims (FCEUA and UTPCPL) and common law claims (defamation, negligence and invasion of privacy) against TD Bank are preempted by §1681t(b)(1)(F) of the FCRA. *See Cicala, supra; Macpherson, supra; Purcell, supra; Grossman, supra; Goins, supra* (court held that plaintiff's statutory FCEUA and UTPCPL claims and common law defamation and negligence claims were preempted by §1681t(b)(1)(F) of the FCRA and therefore dismissed them with prejudice); Levy-Tatum v. Navient and Sallie Mae Bank, 2016 WL 75231, *10 (E.D.Pa Jan. 7, 2016) ("Since Section 1681t(b)(1)(F) prohibits states from imposing requirements with respect to the subject matter regulated under Section 1681s-2, which broadly regulates the conduct of furnishers of information to consumer reporting agencies, the FCRA preempts any claim under Pennsylvania's FCEUA, as brought through the UTPCPL, based upon conduct related to furnishing information to a credit reporting agency."); Barberi v. Wells Fargo & Co., 2014 WL 7330461, *7 (E.D.Pa. Dec. 22, 2014) (court dismissed claim that defendants Wells Fargo and Fannie Mae made defamatory statements to credit reporting agencies because they were

13

preempted by §1681t(b)(1)(F) of the FCRA).

## IV.    CONCLUSION

Since all of plaintiff's claims raised against TD Bank in his amended complaint are preempted by §1681t(b)(1)(F) of the FCRA, they will be dismissed with prejudice. The court finds it would be futile to allow plaintiff to file a second amended complaint because all of his claims are preempted by the FCRA. Thus, the court will grant TD Bank's motion to dismiss, (Doc. 16), with respect to all of plaintiff's claims in his amended complaint, (Doc. 10), and dismiss this case with prejudice. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 24, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0894-01.wpd